889 F.2d 1100
 13 U.S.P.Q.2d 1734
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Louis D. CARLO and Joey B. Adkins.
 No. 89-1443.
 United States Court of Appeals, Federal Circuit.
 Oct. 16, 1989.
 
 Before PAULINE NEWMAN, BISSELL and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Louis D. Carlo and Joey B. Adkins (Carlo) appeal the decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences (Board), Appeal No. 86-0040, rejecting claims 51-53, 59-64, and 73-79 of Application Serial No. 564,702, as based upon a nonenabling disclosure under 35 U.S.C. Sec. 112 (1982). We affirm.
 
 OPINION
 
 2
 Enablement is a question of law, and therefore our standard of review is de novo. See Moleculon Research Corp. v. CBS, Inc., 793 F.2d 1261, 1268, 229 USPQ 805, 810 (Fed.Cir.1986), cert. denied, 479 U.S. 1030 (1987). Nonetheless, we agree with the Board that the Examiner properly rejected the claims in question as nonenabled.
 
 
 3
 The Examiner quite reasonably was concerned whether one skilled in the art would interpret the phrase "within the battery" in Carlo's claims as meaning that the auto anti-theft device was to be mounted directly in the battery's electrolyte rather than in a compartment of the battery case separate from the electrolyte. The Examiner was further concerned that upon such an interpretation one skilled in the art would be unable, based on the disclosure, to practice the invention without undue experimentation. Based on these concerns, the Examiner rejected the claims at issue under section 112.
 
 
 4
 Once the Examiner reasonably rejected Carlo's claims, it was incumbent upon Carlo to show that, despite appearances, the disclosure actually was enabling. See In re Cook, 169 USPQ 298, 302-03 (CCPA 1971). Carlo neither limited the claim to having the device in a separate compartment of the battery case nor offered evidence that one skilled in the art would be able to practice the invention with the device in the electrolyte. No answers were provided, for example, on how to protect the device from the battery acid or maintain radio contact and control of a device located between metal plates.
 
 
 5
 Carlo argued to the Board and this court that the Examiner improperly questioned how one skilled in the art might construe Carlo's use of the phrase "within the battery" in the application. Carlo stresses that one skilled in the art would only conclude that "within the battery" means in a compartment separate from the electrolyte. We are unpersuaded. The only record evidence offered to support such a proposition were two references, U.S. Patent Nos. 3,274,477 and 4,553,127, that show auto anti-theft devices in separate compartments of battery cases. Carlo points to these references to imply that those skilled in the art only think in terms of locating an anti-theft device "within a battery" by placing it in a compartment separate from the electrolyte. Such a proposition is unconvincing, and accordingly we affirm the Board's decision.